## Case No. 15,960a.

UNITED STATES v. ONE THOUSAND SEVEN HUNDRED AND FIFTY-SIX SHARES.

[Betts' Pr. Cas.]

District Court, S. D. New York. Nov. 12, 1863.

WAR — ALIEN ENEMIES — INHABITANT OF REBELLIOUS STATE—INABILITY TO SUE.

[The rebellion and open hostility of Alabama against the United States from 1861 to 1865 rendered every inhabitant of that state an alien enemy, incapable, during such hostilities, of appearing in a United States court as a claimant of property libeled therein.]

[Libel of information by the United States to condemn 1,756 shares of the capital stock of the Great Western Railroad Company of Illinois. Heard on motion by the United States to strike the answer, claim, and appearance interposed on behalf of Leroy M. Wiley, on the ground that said claimant was at the time of the making of the motion, and ever since the breaking out of the Rebellion had been, residing in Alabama.]

E. Delafield Smith, U S. Dist. Atty.

Bowdoin, Larocques & Barlow, for Leroy M. Wiley.

BETTS, District Judge. The court assumes, upon the face of the pleadings presented in this suit, that an actual and earnest contestation in law is contemplated between the parties seeking to be heard, respecting the real ownership and disposition of the considerable property involved in the pending action. Aside of the interests sought to be guarded or enforced, in respect to Leroy M. Wiley, individually, the Great Western Railroad Company of 1859 have also intervened. by their agent, and put in an answer and claim, in opposition to the libel of information filed by the United

States, setting up a legal authority or interest in themselves to the property prosecuted, which claim, if properly made, is entitled to be heard and adjudged upon, according to the principles of law and justice; but it cannot be permitted that a party, without having a lawful standing in court, shall intercept or intermeddle with the orderly action of the law in its due processes, if he be destitute of a capacity to act as a suitor before the court. The present motion proceeds upon that doctrine. The gist of the application of the libellants is that Leroy M. Wiley has no personal standing in a court of the United States, in respect to claims, property, interests, or trusts of any description, in suit or prosecution before that court, he being an alien enemy of the United States, and thus disqualified from being a volunteer party in respect to civil suits before those tribunals, resting upon contracts or legal liabilities; unless, perhaps, ransom bills, or bills of exchange for personal subsistence, drawn by prisoners of war, and held by alien enemies (1 Kent. Comm. 68, passim; 2 Wildm. Int. Law, 274, 275), may be exceptions. No such privilege attends the demand of the claimant in this instance. Wiley, by intervening and attempting to enforce a supposed title or lien in respect to the railroad shares and dividends, would become a party actor in the suit, equally as if prominent in its inception. This, in a judicial sense, is the legal relation of both parties to the suit in actions in rem, as each side acts affirmatively in carrying on the processes and remedies imparted to them respectively by the action, and seeks positive adjudication in his favor in the disposal of effects and interests within the jurisdiction of the court.

The answer and claim interposed and placed on file in this suit declares upon its face that the claimant, "Leroy M. Wiley, is of Eufaula, in the state of Alabama," and that fact is also asserted and attested to in the test oath accompanying the claim when filed. The court must take judicial notice that Alabama is an insurrectionary state, having been, at the commencement of this suit, and yet continuing, in a condition of rebellion and actual hostility against the United States. That condition constitutes all the inhabitants of that state alien enemies of this country. This is indisputably so on the principles of international law, in regard to residents in countries foreign to each other. 3 Phillim. Int. Law, c. 6, § 82; Halleck, Int. Law, c. 29, § 6; 1 Kent. Comm. 76. In Jecker v. Montgomery, 18 How. [59 U. S.] 112, the supreme court say: "In a state of war between two nations, declared by the authority in whom the municipal constitution vests the power of making war, the two nations, and all their citizens or subjects, are enemies to each other." Still more emphatically and pertinently, in respect to the existing Rebellion in this country, the same court declares that the residents of the

several states in war with the United States are enemies to this country, to the same effect as if citizens or subjects of a foreign nation. Cranshaw v. U. S. [unreported], decided March, 1863.

It is unimportant to determine on this motion whether the right of Wiley in the subject-matter of the suit before the court is determined definitely by the subsisting state of hostilities between the place of his residence and the United States, or only suspended during such war; this decision goes no further than to rule that he is disqualified and inhibited from becoming a party to the pending action. I do not in this decision discuss the regularity of practice pursued in making appearance and answer for Wiley. I consider him effectively barred by law of all powers to intervene in court. The application of the libellants is therefore granted, and it is ordered that the answer and claim interposed in this suit on behalf of Leroy M. Wiley has been irregularly and improperly admitted on file in the cause, and that the same be stricken therefrom.

[NOTE. A motion by the United States to strike out an answer filed in behalf of the Great Western Railroad Company was subsequently granted (Case No. 15,960b), and a decree was thereafter given for libellants. On appeal this was reversed by the circuit court, and the libel dismissed. Id. 15,961.]